## VILLAGE OF CHARLOTTE v. KEON.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1911.)

MUNICIPAL CORPORATIONS (§ 978*)—ASSESSMENTS—ACTION TO COLLECT—COUNTERCLAIM.

 In an action by a village for delinquent taxes, a counterclaim for a debt due from the village is not available.

 [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 978.*]

 Kruse and Robson, JJ., dissenting.

Appeal from Monroe County Court.

Action by the Village of Charlotte against John M. Keon. From a judgment of the County Court, rendered on appeal from a Justice's Court, for defendant, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Fred Baker, for appellant.
Jos. M. Feely, for respondent.

PER CURIAM. Judgment of County Court and judgment of Justice's Court reversed, with costs of this appeal to appellant.

SPRING and WILLIAMS, JJ., vote for reversal, upon the ground that the items constituting the alleged counterclaim were not causes of action upon which an action could be brought against the village, having been presented to and audited by the village board.

McLENNAN, P. J. (concurring). The right to recover a tax by a municipality against an individual or corporation is purely statutory. There is no contractual relation between such municipality and the individual against whom it is sought to enforce the tax. In this case it seems to have been conceded that the tax was illegal, and, therefore, not a basis for a cause of action against the defendant and the complaint was properly dismissed. It seems to me clear, however, that such fact, or the commencement of such action, did not entitle the defendant to recover upon a counterclaim what the alleged corporation owed him. The doctrine is new that in an action brought to recover a tax a defendant may counterclaim all the obligations due to him from the municipality assuming to levy such tax. My suggestion is that the municipality was not seeking to recover because of any contract made by the defendant, but that the municipality was seeking to recover in the exercise of a governmental function, and that it was not permissible for the defendant to recover in such action for any claims which he may have had against such municipality. · If this is not so, then our whole system of collecting taxes from delinquents is thrown into confusion, and, instead of a municipality taking steps under the various statutes to collect the amount of the assess-

ment, it will become a question in each case as to whether there is not some offset which should be made in favor of the delinquent tax-payer.

I think that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

KRUSE and ROBSON, JJ., dissent.